THE HANSON LAW FIRM
John W. Hanson, SBN: 214771
Elisa M. Swanson, SBN: 215361
548 Market Street, PMB 53441
San Francisco, CA 94104-5401
Phone: (858) 451-0291 / Fax: (858) 451-0281
john@thesandiegolemonlawyer.com
elisa@thesandiegolemonlawyer.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIZ CONSULTING, INC.,  a California Corporation,<br><br>              Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC,  a Delaware Limited Liability Company,<br><br>              Defendant(s) | Case No.  **'20 CV 1018 AJB  LL**<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges against Defendant General Motors LLC ("GM" or "Defendant"), upon personal knowledge as to his own acts, and as to all other matters upon information and belief, based upon the investigation made by the undersigned attorneys, as follows:

PARTIES

1.      As used in this Complaint, the word "Plaintiff" shall mean Plaintiff Wiz Consulting, Inc..

2.      As used in this Complaint, the word "Defendant," when used without reference to a specific named Defendant shall mean Defendants General Motors, LLC, ("GM").

JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter pursuant to 28

Complaint

U.S.C. § 1331, as this case involves questions of federal law, and as Plaintiff alleges violations of the Magnuson-Moss Warranty Act, which expressly grants federal court jurisdiction.   15 U.S.C. § 2310(d)(1)(A).   The amount in controversy exceeds $50,000.   15 U.S.C. § 2310(d)(3)(B).

4.   This Court also has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship of the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.   Plaintiff, Wiz Consulting, Inc., is a California Corporation, with its principal place of business located in the State of California, and is a citizen of the State of California.

6.   General Motors LLC ("GM") is a Delaware limited liability company, with its principal place of business located in the State of Michigan, and is a citizen of Delaware and Michigan. The sole member and owner of General Motors LLC is General Motors Holdings LLC. General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in the State of Michigan. The sole member and owner of General Motors Holdings LLC is General Motors Company, which is a Delaware corporation with its principal place of business in the State of Michigan and is a citizen of Delaware and Michigan.  GM is and at all times herein relevant was engaged in the business of warranting, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components throughout the United States of America, the State of California, and the County of San Diego. GM is registered to do business in California with the Secretary of State.

7.   This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with her federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

8.   This Court has personal jurisdiction over GM because GM has purposefully availed itself of the privilege of conducting business in the State of California by advertising and

Complaint

selling its manufactured vehicles within the State of State of California and this District. Additionally, GM has maintained systematic and continuous business contacts with the State of California and this District and is registered to conduct business in this State.

9.    Venue is proper in this District under 28 U.S.C. § 1391 because GM is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2),(d); 42 U.S.C. § 2000e-5(f)(3).

CLAIMS FOR RELIEF

COUNT I

BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

CAL. CIV. CODE § 1794

10.    On or about November 17, 2019, Plaintiff purchased a new 2019 Chevrolet Silverado 1500 pickup, Vehicle Identification Number 3GCUYEED5XG176717 ("the Vehicle"), which was manufactured, distributed, and/or sold by Defendant.  The Vehicle was purchased and/or used primarily for business purposes by Plaintiff, which entity has five or fewer vehicles registered in this state, and otherwise qualifies as a new motor vehicle under subdivision (e)(2) of California Civil Code section 1793.22.  Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, and/or selling consumer goods at retail.

11.    In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility and performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

12.    During the warranty period, the Vehicle contained or developed various defects, including but not limited to, defects that caused the Vehicle to fail to start on numerous occasions, stall in traffic,  illuminate check-engine or other lights, and to trigger several Diagnostic Trouble Codes, and related issues and defects described in various recalls and

Complaint

bulletins issued by Defendant. On information and belief, the starting problems are and were a known issue to GM, with no effective fix.

13.    Pursuant to California Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

14.    The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) the Vehicle is adequately contained, packaged, and labeled; and (4) the Vehicle will conform to the promises or affirmations of fact made on the container or label.

15.    During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 12, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle ( l) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

16.    Plaintiff has rightfully and/or justifiably revoked acceptance of the Vehicle, and has exercised the right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(l), including the entire purchase price.  In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section l794(b)(2), including the diminution in value of the Vehicle resulting from its defects, and incidental and consequential damages. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

17.    Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code § 1794.

**COUNT II**

**BREACH OF THE IMPLIED WARRANTY OF PARTICULAR PURPOSE**

Complaint

**CAL.CIV.CODE §1794**

18.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-2, 10, and 12, above.

19.     Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

20.     Pursuant to California Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

21.     During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 12 above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

22.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code §1794.

**COUNT III**

**BREACH OF EXPRESS WARRANTY**

**CAL.CIV.CODE §1794**

23.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-2, 10, and 12, above.

24.     In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs.  Plaintiff may continue to do so even after this lawsuit is filed. Plaintiff did so within a reasonable time.  Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

Complaint

25.     In addition, Defendant provided a warranty by virtue of a sample or model. However, the Vehicle did not conform to the sample or model that Defendant provided.

26.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to California Civil Code § 1794.

27.     Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to California Civil Code § 1794(c).

**COUNT IV**

**FAILURE TO PROMPTLY REPURCHASE PRODUCT**

**CAL.CIV.CODE §1793.2(d)**

28.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-2, 10, and 12, above.

29.     Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by California Civil Code §§1793.2(d) and 1793. 1(a)(2), and will continue to fail to promptly do so even after this lawsuit is filed.

30.     Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to California Civil Code §§ l793.2(d) and 1793. l(a)(2), and therefore brings this claim pursuant to §1794.

31.     California Civil Code §1793.2(d) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare.

32.     Defendant's failure to comply with its obligations under §1793.2(d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the

Complaint

Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the vehicle or make restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two times plaintiff's actual damages pursuant to §1794(c).

33.     Defendant does not maintain a. qualified third-party dispute resolution process which substantially complies with §1793.22.   Despite Defendant's violation of §1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code §1794(e).

34.     Plaintiff seeks civil penalties pursuant to §1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

**COUNT V**

**FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS**

**CAL.CIV.CODE §1794**

35.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-2, 10, and 12, above.

36.     Although Plaintiff delivered the Vehicle to Defendant's representative in this state and may continue to do so even after this lawsuit is filed, Defendant and its representative failed to commence the service or repairs with a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code §1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

37.     Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to §1793.2(b), and therefore brings this claim pursuant to §1794.

38.     Defendant's failure to comply with its obligations under §1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so.

Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to §1794(c).

**COUNT VI**

**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

**15 U.S.C. §§ 2301, et seq.**

39.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-2, 10, and 12, above.

40.     This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. §§ 1332(a) and (d).

41.     Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

42.     GM is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)–(5).

43.     The Class Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

44.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

45.     In its Limited Warranty, GM expressly warranted that it would repair or replace defects in material or workmanship free of charge if such defects became apparent during the warranty period. GM provides the following language in its 2019 Limited Warranty guide:

> This warranty is for GM vehicles registered in the United States and normally operated in the United States and Canada, and is provided to the original and any subsequent owners of the vehicle during the warranty period.
>
> The warranty covers repairs to correct any vehicle defect . . . related to materials or workmanship occurring during the warranty period.
>
> Warranty repairs, including towing, parts, and labor, will be made at no charge.

46.     GM's Limited Warranty is a written warranty within the meaning of the

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6). The Vehicle's implied warranty of merchantability is covered by 15 U.S.C. § 2301(7).

47.     With respect to the purchases of the Vehicle, the terms of GM's written warranty and implied warranty became part of the basis of the bargain between GM, on the one hand, and Plaintiff on the other.

48.     GM breached these warranties as described in more detail above.

49.     Defendant does not maintain a. qualified third-party dispute resolution process that complies with FTC Rule 703 and 16 C.F.R. § 703, *et seq.*  At the time of sale of the Vehicle, GM knew, should have known, or was reckless in not knowing of the Vehicle's inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defect(s) that caused 2019 Chevrolet Silverado 1500 pickup trucks to experience the same starting failures experienced by Plaintiff.  Under the circumstances, the remedies available under any informal settlement procedure would be inadequate, and any requirement that Plaintiff resort to an informal dispute resolution procedure and/or afford GM a reasonable opportunity to cure its breach of warranties is excused and thus deemed satisfied.

50.     The amount in controversy of Plaintiff's individual claims exceeds the sum of $25. The amount in controversy in this action exceeds the sum of $50,000, exclusive of interest and costs.

51.     As a direct and proximate result of GM's breaches of its Limited Warranty and the implied warranty of merchantability, Plaintiff has sustained damages in an amount to be determined at trial.

52.     Plaintiff seeks all damages permitted by law, in an amount to be proven at trial.

## **PRAYER**

WHEREFORE, PLAINTIFF PRAYS for judgment against Defendant, as follows:

1.     For Plaintiff's damages in an amount to be determined at trial;

2.     For restitution to Plaintiff in an amount to be determined at trial;

Complaint

3.      On Plaintiff's Count III, for a civil penalty for each violation in an amount to be determined at trial, which will be up to two times Plaintiff's total damages, pursuant to Civil Code §1794(c).

4.      On Plaintiff's Count IV, for a declaration that Defendant is obliged to make restitution to Plaintiff pursuant to subdivision (d) of Civil Code section 1793.2 and to brand the Vehicle and title as required by subdivision (c) of Civil Code section 1793.23.

5.      On Plaintiff's Count V, for a civil penalty for each in an amount to be determined at trial, which will be up to two times Plaintiff's total damages, pursuant to Civil Code §1794(c) and (e).

6.      On Plaintiff's Count V, for a civil penalty for each violation in an amount to be determined at trial, which will be up two times Plaintiff's total damages, pursuant to Civil Code § 1794(c).

7.      For any consequential and incidental damages.

8.      For costs of the suit and Plaintiff's reasonable attorneys' fees, pursuant to California Civil Code § 1794, and 15 U.S.C. § 2310(d)(2).

9.      For prejudgment interest at the legal rate.

10.     And for such other relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

DATED:  May  28, 2020                    THE HANSON LAW FIRM
                                         Attorneys for Plaintiff


                                         John W. Hanson, Esq.
                                         Elisa M. Swanson, Esq.

Complaint